JONES, Justice.
This is an appeal from a summary judgment in favor of the plaintiff in an action for the sale of real property for division of the proceeds. We affirm.
The plaintiff, Myrtie Bell Butler, is the widow of Mason E. Butler, and the stepmother of the five defendants, Mason Butler’s children. Mason Butler died intestate four years after his marriage to the plaintiff. The final order entered by the Eto-wah County Probate Court in regard to the estate of Mason E. Butler contained the following provisions:
“THE JUDGE OF PROBATE FINDS that the estate of Mason E. Butler, deceased, consists of one 1981 Plymouth automobile; certain real estate described as follows: The NW lk of the SW xk in Section 2, Township 12 South, Range 8 East in Etowah County, Alabama; and certain items of personal property which Myrtie Bell Butler, the widow, as Admin-istratrix of the Estate, has listed in the inventory of assets of the estate previously filed with this court;
“It is, therefore, ORDERED, ADJUDGED, AND DECREED that, pursuant to Ala. Code 1975, §§ 43-8-110 through -112, the widow, Myrtie Bell Butler, is awarded a homestead allowance of $6,000, exempt property of $3,500, and a family allowance of $6,000.
“It is further ORDERED, ADJUDGED, AND DECREED that Myrtie Bell Butler is awarded an intestate share equal to one-half of the net value of the estate after payment of all just debts and funeral expenses and after said previously awarded allowances and exemptions.
“It is further ORDERED, ADJUDGED, AND DECREED that the claim of Myrtie Bell Butler in the amount of $3,051.37 is approved.
“It is further ORDERED, ADJUDGED, AND DECREED that the five children of Mason E. Butler are awarded an intestate share equal to one-half of the net value of the estate after payment of all just debts, funeral expenses, allowed claims, and after the allowance of exemptions and allowances to the widow under Ala. Code 1975, §§ 43-8-110 through -112, to be divided equitably among said five children.”
The plaintiff initiated the instant action by filing a complaint in the circuit court alleging that she and the defendants are tenants in common as to the real estate referred to in the probate court order, and that this real estate could not be “fairly and equitably divided among the tenants in *354 common without a sale.” The plaintiff sought a sale of the real estate for a division of the proceeds to be “divided among the joint owners and tenants in common in their proportionate interests.”
Defendant Wayne Butler, the sole appellant, filed an answer to the complaint, along with a counterclaim alleging breach of contract and fraud. (Wayne Butler will be referred to as “the defendant.”)
As the basis for his counterclaim, the defendant contends that he and the plaintiff had entered into a written agreement regarding the real estate at issue here. That real estate had been the defendant’s family’s homeplace for a number of years. By the alleged agreement, the defendant was to maintain the real estate and to keep the taxes and insurance current and, if necessary, pay any amount deemed necessary to clear the title to the real estate in the name of the plaintiff. In return for these services, the plaintiff, after obtaining title to the property through normal probate proceedings, would, by quitclaim deed, transfer full title to the real estate to the defendant, and the defendant would allow the plaintiff to live on the real estate during her lifetime.
The defendant, in his counterclaim, alleged that the plaintiff had breached their written agreement by failing to comply with any of its terms. Further, says the defendant, the plaintiff admitted that at the time she made the agreement she had no intention of honoring it; therefore, he alleged, she had fraudulently induced him to sign the agreement. The defendant demanded a jury trial of the issues raised by the case. The plaintiff denied the defendant’s allegations; pleaded the defenses of lack of consideration, duress, release, accord and satisfaction, laches, estoppel, and waiver; and moved to strike the defendant’s demand for a jury trial.
The trial court struck the jury demand and denied the defendant's motion to vacate that order. The defendant filed a second motion to vacate that order, and the court set a date for a hearing on that second motion. Before the hearing, however, the plaintiff filed a motion for summary judgment in which she set out the order of the probate court, and she attached a copy of that order to her motion.
The plaintiff, in her motion for summary judgment, claimed that the defendant was barred from asserting his counterclaims of breach of contract and fraud “by virtue of res judicata and collateral estoppel.” The plaintiff contended that although the defendant was notified of all proceedings in the probate court, he did not try to have the probate proceedings removed to circuit court and did not “take any other affirmative action with respect to the probate of the estate,” and was thus barred from “bringing his counterclaim for fraud and from seeking relief different from the relief awarded by the probate court.”
The defendant filed an affidavit in opposition to the motion for summary judgment; he realleged the terms of the written agreement he had entered with the plaintiff and stated that the real estate had been his family’s homeplace for several generations. The defendant maintained that he had performed and was continuing to perform his duties under the contract, but that the plaintiff refused to recognize the agreement as valid. The defendant also claimed that Ala.Code 1975, § 6-8-1, gave him the right to a jury trial of his claim.
The defendant stated in his affidavit that he had not taken action during the probate court proceedings because, under the terms of his written agreement with the plaintiff, she was to proceed through the probate court and then, by quitclaim deed, was to transfer title to the property to the defendant. Therefore, says the defendant, he had no reason to contest the proceedings until the plaintiff filed this action in the circuit court for a sale for division. Finally, the defendant alleged that he had been unable to insure the real estate because the plaintiff no longer lived there, although she had promised to do so, and that he had spent “around 2,500 hours and approximately $750 in expenses in performing [his] part of the written contract” with the plaintiff.
*355 The trial court entered a summary judgment for the plaintiff, ordering that the real estate be sold at a public auction and that the proceeds be “divided and distributed among the parties in accordance with the order of the probate court.” Defendant Wayne Butler appeals from this final judgment. The sale of the real estate has been stayed pending the outcome of this appeal.
Because we hold that the contract between these parties, seeking to require the plaintiff to convey to the defendant by quitclaim deed her title to the property, to the exclusion of the remaining children of Mason E. Butler, was void as against public policy, we affirm the summary judgment appealed from.
Our affirmance is not to be understood as precluding any of the heirs, including the appellant, from invoking the statutory procedure for preservation of the family homeplace as provided in Ala.Code 1975, § 35-6-100 et seq.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.